UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL A. FRYER YAVNEH ACADEMY, et al.,<br><br>    Plaintiffs,<br><br>    *v.*<br><br>GAVIN NEWSOM, et al.,<br><br>    Defendants. | No. 2:20-cv-7408 (JAK) (PLAx)<br><br>**STIPULATED ORDER OF DISMISSAL (JS-6)** |

Based on a review of the Joint Motion for Stipulated Order of Dismissal (the "Joint Motion" (Dkt. 61)), sufficient good cause has been shown for the requested relief. Therefore, the Motion is **GRANTED**. Plaintiffs' claims are **DISMISSED** with prejudice, and Defendants have stipulated to the following conditions:

    1.    The *Guidance Related to Cohorts*, issued by the California Department of Public Health on August 25, 2020 and updated on September 4, 2020 ("Cohort Guidance"), applies to all K-12 schools in California. Schools that provide religious instruction in the State of

California may utilize the Cohort Guidance to provide in-person education services. For avoidance of doubt, the Cohort Guidance does not impose a percentage or numerical cap on the number of students who may be on a religious school campus at any given time, so long as a religious school meets all of the requirements in the Cohort Guidance. The Frequently Asked Questions document issued in conjunction with the Cohort Guidance is advisory, not mandatory.

2. Schools that provide religious instruction in the State of California may also utilize the COVID-19 Industry Guidance: *Places of Worship and Providers of Religious Services and Cultural Ceremonies*, issued by the California Department of Public Health on July 29, 2020 ("Religious Guidance"), to provide in-person religious services and cultural ceremonies, as long as the remainder of their educational activities are consistent with State orders and guidance applicable to K-12 schools. Religious services may include prayers, religious ceremonies, and instruction in religious texts, philosophy, and tradition.

3. The State COVID-19 Orders and associated guidance do not independently authorize or restrict a County from imposing stricter regulations than are set forth by the State in those orders and guidance. To the extent a County wishes to require stricter regulations, the County must proceed pursuant to the independent authority the County and the local health officer has.

In the event Defendants individually or severally act contrary to the Stipulations, whether by amending or superseding the State COVID-19 Orders or their

implementing guidance in a manner that is more restrictive of in-person education, or otherwise adopting positions contrary to the Stipulations, Plaintiffs may take whatever further legal action they deem appropriate.

In view of the parties' agreement, and consistent with the foregoing terms, this matter is **DISMISSED** with prejudice, and each party is to bear its own respective fees and costs.

**IT IS SO ORDERED.**

Dated: October 28, 2020

John A. Kronstadt
United States District Judge